911 F.2d 1075
 31 Soc.Sec.Rep.Ser. 14, Medicare&Medicaid Gu 39,536,
Unempl.Ins.Rep. CCH 15680A
Nelley LIDY, Jr., Plaintiff-Appellant,
v.
Louis W. SULLIVAN, M.D., Secretary of Health and Human
Services, Defendant-Appellee.
 No. 90-1158
 
 Summary Calendar.
 United States Court of Appeals,
Fifth Circuit.
 Sept. 17, 1990.
 Robert E. Barfield, Amarillo, Tex., for plaintiff-appellant.
 Joseph B. Liken and Karen J. Sharp, H & HS/OGC, Dallas, Tex., for plaintiff-appellant.
 Appeal from the United States District Court for the Northern District of Texas.
 Before GEE, SMITH, and WIENER, Circuit Judges.
 JERRY E. SMITH, Circuit Judge:
 
 I.
 
 1
 The plaintiff, Nelley Lidy, Jr., appeals the district court's grant of summary judgment upholding the denial by the Secretary of Health and Human Services of Lidy's application for disability insurance benefits. The factual issue regarding Lidy's entitlement to benefits is whether he suffers disabling pain. On this point, the following witnesses testified: Lidy, his wife, Dr. Berg, Dr. Morgan, and Dr. Finney. The reports of Dr. Finney, to whom Lidy's worker's compensation insurer referred him, formed the basis of the administrative law judge's (ALJ's) finding of no disability.
 
 
 2
 In order to challenge Dr. Finney's report, Lidy sought to subpoena him for cross-examination. The ALJ refused Lidy's request but did permit him to submit a set of written interrogatories to Dr. Finney. Finding the doctor's answers to be vague and evasive, Lidy sought to submit a second set of interrogatories and to reurge his request for live cross-examination. The ALJ denied Lidy's request, stating that additional interrogatories would not be helpful.
 
 
 3
 In the district court, the magistrate recommended granting Lidy's motion for summary judgment on the ground that the ALJ's refusal to permit Lidy to cross-examine Dr. Finney constituted a denial of due process. The district court, however, sustained the Secretary's objections to that finding and held that the ALJ acted within his discretion; the court accordingly granted summary judgment in favor of the Secretary.
 
 II.
 
 4
 In concluding that Lidy has a right to cross-examine Dr. Finney, the magistrate relied upon Richardson v. Perales, 402 U.S. 389, 402, 91 S.Ct. 1420, 1428, 28 L.Ed.2d 842 (1971):
 
 
 5
 We conclude that a written report by a licensed physician who has examined the claimant and who sets forth in his report his medical findings in his area of competence may be received as evidence in a disability hearing and, despite its hearsay character and an absence of cross-examination, and despite the presence of opposing direct medical testimony and testimony by the claimant himself, may constitute substantial evidence supportive of a finding by the hearing examiner adverse to the claimant, when the claimant has not exercised his right to subpoena the reporting physician and thereby provide himself with the opportunity for cross-examination of the physician. [Emphasis added.]
 
 
 6
 Lidy maintains that this holding recognizes an absolute right to cross-examine such a physician when a subpoena has been sought.
 
 
 7
 The Secretary argues, first, that Perales addresses the scenario of a nonexamining physician, whereas here Dr. Finney in fact had examined Lidy. However, the passage from Perales that we have quoted, supra, plainly refers to examining physicians. Hence, this argument by the Secretary is without merit.[1]
 
 
 8
 Second, the Secretary observes that, in what he acknowledges is dictum, the Court in Perales referred to "the cost of providing live medical testimony ... where need has not been demonstrated by a request for a subpoena." Id. at 406, 91 S.Ct. at 1430. It is not pellucid from this passage, standing alone, whether the Court meant that the request must contain sufficient demonstration of need (the interpretation undoubtedly supported by the Secretary) or merely that the filing of a request ipso facto constitutes a demonstration of need.
 
 
 9
 We note, however, that later in its opinion the Court refers to "the use of the subpoena and consequent cross-examination," id. at 410, 91 S.Ct. at 1431, suggesting that such cross-examination necessarily follows from the filing of a request for a subpoena. We also observe that in the major passage at issue, the Court refers to the "right to subpoena," id. at 402, 91 S.Ct. at 1427-28, not merely the "right to request a subpoena," thus implying that the entitlement to a subpoena is automatic. Thus, we conclude that the better reading is that by requesting a subpoena, a claimant has the right to cross-examine an examining physician.
 
 
 10
 In accordance with the view that the right to subpoena is qualified, the Secretary has promulgated 20 C.F.R. Sec. 404.950(d), permitting an ALJ to refuse a request for a subpoena of a witness whose testimony is not "reasonably necessary for the full presentation of the case," a showing that Lidy failed to make. In view of our conclusion that Lidy's request should have been honored, we need not address this point further.
 
 
 11
 We are persuaded, as well, by the fact that all of the circuit courts of appeals that have addressed this issue read Perales as conferring an absolute right to subpoena a reporting physician. "Due process requires that a claimant be given the opportunity to cross-examine and subpoena the individuals who submit reports." Coffin v. Sullivan, 895 F.2d 1206, 1212 (8th Cir.1990). "We construe [Perales ] as holding that an opportunity for cross-examination is an element of fundamental fairness of the hearing to which a claimant is entitled...." Wallace v. Bowen, 869 F.2d 187, 192 (3d Cir.1989). Accord Townley v. Heckler, 748 F.2d 109, 114 (2d Cir.1984). See Figueroa v. Secretary of Health, Education & Welfare, 585 F.2d 551, 554 (1st Cir.1978) ("right to cross-examine"). We see no reason to create a split among the circuits on this issue by differing with these persuasive authorities.
 
 
 12
 Accordingly, we VACATE and REMAND to the district court for further proceedings in light of our determination that Lidy was entitled to cross-examine Dr. Finney.
 
 
 
 [1]
 The Secretary also suggests that the rule should be different for a doctor who, like Dr. Finney and unlike the doctor in Perales, is a treating physician. However, nothing in Perales supports that distinction