**Donna J. KELLY, Plaintiff,**

v.

**Shirley S. CHATER, Commissioner of the Social Security Administration, Defendant.**

**Civil Action No. SA–95–CA–1161.**

United States District Court, W.D. Texas, San Antonio Division.

Sept. 19, 1996.

Christian J. Gros, San Antonio, TX, for Plaintiff.

Raymond A. Nowak, U.S. Attorney's Office, San Antonio, TX, for Defendant.

## ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION

ORLANDO L. GARCIA, District Judge.

On this date came on to be considered the Memorandum and Recommendation of the United States Magistrate Judge, filed in the above-styled and numbered cause on August 29, 1996.

According to the records of the Court, the Defendant was served with a copy of the Memorandum and Recommendation on or about September 3, 1996. Any party who desires to object to a Magistrate Judge's findings and recommendations must serve and file his written objections within ten days after being served with a copy of the findings and recommendation. 28 U.S.C. § 636(b)(1). No objections to the Memorandum and Recommendation have been filed.

Because no party has objected to the Magistrate Judge's Memorandum and Recommendation, the Court need not conduct a de novo review. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). The Court has reviewed the Memorandum and Recommendation and finds it to be neither clearly erroneous nor contrary to law. *United States v. Wilson,* 864 F.2d 1219, 1221 (5th Cir.), *cert. denied,* 492 U.S. 918, 109 S.Ct. 3243, 106 L.Ed.2d 590 (1989). Accordingly,

IT IS ORDERED THAT the Memorandum and Recommendation of the United States Magistrate Judge filed in this cause on August 29, 1996 be and is ACCEPTED pursuant to 28 U.S.C. § 636(b)(1) such that the decision of the Commissioner is REVERSED and Plaintiff's claim for supple-

mental security income benefits is RE-MANDED to the Commissioner for further proceedings in accordance herewith.

## MEMORANDUM AND RECOMMENDATION

PRIMOMO, United States Magistrate Judge.

Plaintiff Donna J. Kelly instituted this action pursuant to Title 42 U.S.C. Section 1383(c)(3) seeking review of the determination of Shirley S. Chater, the Commissioner of Social Security, that plaintiff is not disabled and, therefore, not entitled to receive supplemental security income benefits. Plaintiff filed her application for benefits on January 11, 1993, asserting that she has been unable to work since 1971 due to severe headaches and a nervous condition. (Tr. pp. 40–43). The Social Security Administration denied the application both initially and upon reconsideration. On February 16, 1995,[1] after a hearing, an administrative law judge ("ALJ") determined that plaintiff is not disabled. (Tr. pp. 14–18). The Appeals Council denied plaintiff's request for review, making the determination of the ALJ the final decision of the Commissioner. Plaintiff now appeals that determination.

### Standard of Review

In reviewing the Commissioner's decision denying supplemental security income benefits, the Court is limited to a determination of whether the decision is supported by substantial evidence and whether the Commissioner applied the proper legal standards in evaluating the evidence. *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir.1995). Substantial evidence is more than a scintilla, less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). It must do more than create a suspicion of the existence of the fact to be established but "no substantial evidence" will be found only where there is a conspicuous absence of credible choices or no contrary med-

ical evidence. *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir.1988).

If the Commissioner's findings are supported by substantial evidence, they are conclusive and must be affirmed. *Martinez*, 64 F.3d at 173. In applying the substantial evidence standard, the Court must carefully examine the entire record but must refrain from reweighing the evidence or substituting its judgment for that of the Commissioner. *Ripley*, 67 F.3d at 555. Conflicts in the evidence are for the Commissioner and not the courts to resolve. *Martinez*, 64 F.3d at 174. Four elements of proof are weighed in determining if substantial evidence supports the Commissioner's determination: (1) objective medical facts, (2) diagnoses and opinions of treating and examining physicians, (3) the claimant's subjective evidence of pain and disability, and (4) the claimant's age, education and work experience. *Id.*

### Entitlement to Benefits

Each aged, blind or disabled individual who meets certain income and resources limitations is entitled to receive supplemental security income. Title 42 U.S.C. Section 1382(a). The term "disabled" means the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. Title 42 U.S.C. Section 1382c(a)(3)(A).

A person shall be determined to be under a disability only if her physical or mental impairment or impairments are of such severity that she is not only unable to do her previous work but cannot, considering her age, education, and work experience, engage in any other kind of substantial gainful work which exists in significant numbers in the national economy, regardless of whether such work exists in the immediate area in which she lives, or whether a specific job vacancy exists for her, or whether she would be hired if she applied for work. Title 42 U.S.C. Section 1382c(a)(3)(B). A physical or mental impairment is an impairment that results

1. The report contains the erroneous date of 1994.

from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. Title 42 U.S.C. Section 1382c(a)(3)(C).

### *Evaluation Process and Burden of Proof*

■ Regulations set forth by the Commissioner prescribe that disability claims are to be evaluated according to a five-step process. Title 20 C.F.R. Section 416.920. A finding that a claimant is disabled or not disabled at any point in the process is conclusive and terminates the Commissioner's analysis. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). The first step involves determining whether the claimant is currently engaged in substantial gainful activity. If so, the claimant will be found not disabled regardless of her medical condition or her age, education, and work experience. The second step involves determining whether the claimant's impairment is severe. If it is not severe, the claimant is deemed not disabled. In the third step, the Commissioner compares the severe impairment with those on a list of specific impairments. If it meets or equals a listed impairment, the claimant is deemed disabled without considering her age, education, and work experience. If the impairment is not on the list, the Commissioner, in the fourth step, reviews the claimant's residual functional capacity and the demands of her past work. If she can still do this kind of work, she is not disabled. If she cannot perform her past work, the Commissioner moves to the fifth and final step of evaluating the claimant's ability, given her residual capacities and her age, education, and work experience, to do other work. If she cannot do other work, she will be found to be disabled.

■ The claimant bears the burden of proof at the first four steps of the sequential analysis. *Leggett*, 67 F.3d at 564. Once she has shown that she is unable to perform her previous work, the burden shifts to the Commissioner to show that there is other substantial gainful employment available that claimant is capable of performing. *Anderson v. Sullivan*, 887 F.2d 630, 632 (5th Cir.1989). If the Commissioner adequately points to potential alternative employment, the burden then shifts back to the claimant to prove that she is unable to perform the alternative work. *Id.* at 632–33.

### *ALJ's Findings and Plaintiff's Contentions*

At the time of the hearing before the ALJ, plaintiff was 49 years old with a ninth-grade education and past relevant work experience as a housekeeper and cafeteria bus girl. The ALJ considered the medical evidence, including an evaluation by a consulting psychologist conducted after the hearing. The ALJ determined that plaintiff suffers from severe migraine headaches and situational depression which do not meet or equal a listed impairment. He found no physical limitations which would preclude her from returning to work. He considered her subjective complaints of pain and determined that they were exaggerated when compared to prior statements and other evidence. The record indicated no objective signs of intense and continuous pain. The ALJ also noted that her headaches respond to medication and that she does not require ongoing medical treatment for that impairment.

Plaintiff contends that the decision of the Commissioner is not supported by substantial evidence. She contends that the ALJ erred in his conclusions concerning the severity of her headache pain and her ability to return to work. Plaintiff also contends that she was denied due process in the ALJ's consideration of the post-hearing psychological report. Plaintiff also faults the ALJ for failing to complete a psychiatric review technique form (PRTF) in light of evidence that plaintiff suffers from a mental impairment. She also complains that opinions of her treating physicians that she is disabled were not given adequate weight.

### *Analysis*

■ Because the Commissioner did not adequately address plaintiff's mental impairment, this cause should be remanded for further proceedings. Progress notes from the Bexar County Hospital District contain several references to plaintiff's complaints of "nerves," anxiety, stress, and depression.

(Tr. pp. 92–103). At the administrative hearing on August 18, 1994, plaintiff's counsel advised the ALJ of the possibility that plaintiff suffers from a psychiatric problem and urged the ALJ to consider a psychiatric evaluation. (Tr. pp. 124–125). At the ALJ's request, Dr. Michelle P. Moran examined plaintiff after the hearing on September 20, 1994, and found no indication of a psychological impairment. (Tr. pp. 108–112). The ALJ relied upon Dr. Moran's report in determining that plaintiff is able to return to her past relevant work. (Tr. pp. 15–16).

Plaintiff contends that she was not given fair notice that the psychologist's report would be used in the disability determination and was not given an opportunity to respond to that evidence. Plaintiff also argues that the Commissioner failed to give proper weight to the testimony of her treating physicians that she suffers from a mental impairment which renders her disabled. Finally, she argues that the failure of the ALJ to complete a PRTF requires reversal and remand.

■ Relying upon *Richardson v. Perales,* 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971), all of the circuit courts of appeals to consider the issue have ruled that due process requires that a claimant be given the opportunity to cross-examine and subpoena individuals who submit reports. *Lidy v. Sullivan,* 911 F.2d 1075, 1077 (5th Cir.1990), *cert. denied,* 500 U.S. 959, 111 S.Ct. 2274, 114 L.Ed.2d 725 (1991). In *Tanner v. Secretary of Health and Human Services,* 932 F.2d 1110 (5th Cir.1991), the Court of Appeals dealt with the precise issue raised here— whether the ALJ committed reversible error by relying upon a post-hearing report to deny a request for benefits. The decision of the Secretary was reversed based upon the failure to afford the claimant the opportunity to cross-examine the expert who prepared the report.

Obviously, plaintiff, who was examined on September 20, 1994, was aware that Dr. Moran would be rendering an opinion to the ALJ. However, the record in the case-at-bar contains no indication that plaintiff or her attorney were provided notice of the psychologist's report or given an opportunity to cross-

examine the psychologist or provide evidence to rebut her findings. After plaintiff's attorney requested a psychological evaluation, no further discussion concerning that possibility ensued. The ALJ agreed that such an examination was necessary and sought an evaluation by Dr. Moran. However, the record does not indicate that either plaintiff or her attorney were provided with a copy of the psychologist's report prior to the rendering of the ALJ's decision. Clearly, the ALJ possessed the authority to order the examination. Title 20 C.F.R. Section 416.917. However, he erred in relying upon the results of the examination without notifying plaintiff of those results and giving her an opportunity for a supplemental hearing, cross-examination of Dr. Moran, or submission of controverting evidence.

The government responds that plaintiff waived her objection to the report because neither she nor her attorney made a request to cross-examine the consultative examiner or offer rebuttal evidence. In *Chamberlain v. Shalala,* 47 F.3d 1489, 1496 (8th Cir.1995), the Court of Appeals held that an ALJ is not required to inform the claimant's attorney of the claimant's right to cross-examine the post-hearing witness. If the claimant's attorney fails to object to the post-hearing report or remains silent when the opportunity to request cross-examination arises then the right to cross-examination is waived. *Id.* See *Jones v. Department of Health and Human Services,* 941 F.2d 1529, 1534 (11th Cir. 1991); *Coffin v. Sullivan,* 895 F.2d 1206, 1212 (8th Cir.1990).

■ The rule in the Fifth Circuit appears to be somewhat less burdensome to a claimant. In *Tanner,* the Secretary argued that the claimant waived her constitutional privilege by not expressly asking to cross-examine the post-hearing expert. The Court of Appeals rejected this argument because the claimant never expressed—clearly or otherwise—a desire to forego confronting the expert. 932 F.2d at 1113. Thus, waiver could not be inferred from the failure to make an express demand for cross-examination. *Id.* Neither plaintiff nor her attorney in this case expressed a desire to cross-examine Dr. Moran or offer rebuttal evidence. However, nei-

ther did they indicate a desire to forego that opportunity. A critical factor in this case, as noted above, is that they were never given the opportunity to exercise or waive the right of cross-examination.

Assuming that plaintiff was required to make the request, the failure of the ALJ to notify her of the results of the psychological evaluation prior to his decision precludes a finding of waiver. In *Coffin*, the Court of Appeals held that due process requirements were satisfied when the ALJ sent the claimant's attorney two letters indicating that the claimant could object to interrogatories propounded to the post-hearing expert, propose claimant's own interrogatories, comment on the evidence, and submit additional evidence. 895 F.2d at 1212. In *McQuiddy v. United States Department of Health and Human Services,* 888 F.2d 1047 (5th Cir.1989), the Appeals Council sought post-hearing evidence concerning the plaintiff's mental health and informed the plaintiff that evidence in rebuttal to the expert's report could be submitted within 20 days. The claimant submitted no additional evidence. The Court of Appeals rejected the claimant's argument that due process was violated by this procedure. *Id.* Unlike the claimant's in *Coffin* and *McQuiddy,* plaintiff was not given the opportunity to respond, in any way, to Dr. Moran's unfavorable report. Without that opportunity, she was not provided due process.

The error is magnified because of the existence of other evidence in the record contrary to Dr. Moran's findings. On May 8, 1995, Dr. H. Curtis Thurman indicated that plaintiff is his patient and suffers from severe social phobia which renders her completely disabled and unable to function in a work environment. (Tr. p. 117). He again noted on June 26, 1995, that plaintiff suffers from a generalized anxiety disorder and social phobia which causes her to be disabled. (Tr. p. 121). Dr. Federico Padua issued a medical report indicating that plaintiff has been under his care since October 1985. (Tr. pp. 119–120). He stated that plaintiff has severe chronic anxiety with panic attacks and hyperventilation syndrome. He recommended further evaluation of her mental, intellectual, psychological, and motor skills. Dr. Padua stated that he does not believe that plaintiff is employable "without posing danger to herself and to others."

The opinions of Drs. Thurman and Padua were submitted by plaintiff to the Appeals Council after the ALJ's decision in February 1995. Although it is not clear from the record (*see* tr. p. 118), it is arguable that this evidence was intended to rebut Dr. Moran's report. To that extent, plaintiff was allowed to respond to the adverse findings of Dr. Moran. However, the fact remains that plaintiff was, apparently, not advised of or provided with a copy of Dr. Moran's report. Because of the manner in which the report was obtained and used, she could not have requested cross-examination or a supplemental hearing *prior* to the ALJ's decision. The reports of Drs. Thurman and Padua do not address Dr. Moran's findings, so it is not clear that either they or plaintiff had the opportunity to controvert the findings in that report. The submission of the reports of Drs. Thurman and Padua do not vitiate the due process violation.

██ Even if the Court concludes that due process was not violated, remand is necessary because of the failure of the Appeals Council to accord proper weight to the opinions of Drs. Thurman and Padua, or explain why those reports were rejected. Clearly, as the government points out, the ALJ could not have considered their reports since they did not exist prior to his decision. However, that evidence was submitted to the Appeals Council before it affirmed the ALJ's determination that plaintiff is not disabled. (Tr. p. 6). The Appeals Council noted that it considered the additional evidence but concluded that it did not provide a basis for changing the ALJ's decision. (Tr. p. 4).

██ It is settled in this circuit that the opinions, diagnosis, and medical evidence of a treating physician who is familiar with the patient's injuries, treatment, and responses should be accorded considerable weight. *Greenspan v. Shalala,* 38 F.3d 232, 237 (5th Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 1984, 131 L.Ed.2d 871 (1995). *See* Title 20 C.F.R. Section 416.927(d). However, the opinions of a treating physician are

not conclusive. *Id.* The ALJ may give less weight, or no weight, to a treating physician's opinion when there is good cause shown to the contrary, as when his statement as to disability is brief and conclusory, is not supported by medically acceptable, clinical and laboratory diagnostic techniques or is otherwise unsupported by the evidence. *Leggett,* 67 F.3d at 566. The administrative fact finder is entitled to determine the credibility of medical experts as well as lay witnesses and to weigh their opinions and testimony accordingly. *Greenspan,* 38 F.3d at 237.

█ Every circuit to consider the issue has held that if an ALJ rejects the opinion of a treating physician, he must articulate specific reasons for doing so. *Washington v. Shalala,* 37 F.3d 1437, 1440 (10th Cir.1994); *Williams v. Shalala,* 997 F.2d 1494, 1498 (D.C.Cir.1993); *Katz v. Secretary of Health and Human Services,* 972 F.2d 290, 293 (9th Cir.1992); *Shelman v. Heckler,* 821 F.2d 316, 321 (6th Cir.1987). *See Allen v. Bowen,* 881 F.2d 37, 41 (3d Cir.1989). In a different context, the law in the Fifth Circuit requires the ALJ to explain his reasons for rejecting evidence favorable to the claimant. *See Falco v. Shalala,* 27 F.3d 160, 163 (5th Cir.1994).

The Appeals Council articulated no reasons for rejection of the reports of Drs. Thurman and Padua. Rather than to resubmit plaintiff's claim to the ALJ for reconsideration in light of the additional evidence, the Appeals Council simply determined that the evidence would not affect the ALJ's decision. Whether this conclusion is based upon the belief that Dr. Moran's findings carry more weight or because the Appeals Council did not consider Drs. Thurman and Padua to be credible is unknown. The reports of Drs. Thurman and Padua are highly favorable to the claimant and should have received more thorough consideration and discussion. The failure to accord adequate deference to the opinions of plaintiff's treating physicians or to explain why such deference should not be given requires remand.

Furthermore, in evaluating a mental impairment, the Commissioner is required to follow certain additional procedures which include the preparation of the PRTF. *See* Title 20 C.F.R. Section 416.920a. Several appellate courts have held that the failure to complete a PRTF is grounds for reversal and remand. *Montgomery v. Shalala,* 30 F.3d 98, 100 (8th Cir.1994); *Stambaugh v. Sullivan,* 929 F.2d 292, 296 (7th Cir.1991); *Hill v. Sullivan,* 924 F.2d 972, 975 (10th Cir.1991). Without citation to authority, the Commissioner argues that the PRTF is required only when there is a finding of a significant mental impairment. Assuming that a severe mental impairment must first exist, the evidence from Drs. Thurman and Padua certainly satisfies that requirement. While the failure to prepare a PRTF can, under certain circumstances, constitute harmless error, this is not one of those cases. The record contains evidence of a severe mental impairment which renders plaintiff disabled. The ALJ did not have access to the favorable reports of Drs. Thurman and Padua, and the Appeals Council gave those reports inadequate consideration. Therefore, the failure to prepare a PRTF requires reversal and remand.

### Recommendation

It is, therefore, the recommendation of the Magistrate Judge that the decision of the Commissioner be **REVERSED** and that plaintiff's claim for supplemental security income benefits be **REMANDED** to the Commissioner for further proceedings.

### Instructions for Service and Notice of Right to Appeal/Object

The United States District Clerk shall serve a copy of this Memorandum and Recommendation on all parties by mailing a copy to each of them by Certified Mail, Return Receipt Requested. Pursuant to Title 28 U.S.C. Section 636(b)(1) and Rule 72(b), Fed. R.Civ.P., any party who desires to object to this report must serve and file written objections to the Memorandum and Recommendation within 10 days after being served with a copy unless this time period is modified by the district court. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. ***Such party shall file the objections***

***with the clerk of the court, and serve the objections on all other parties and the magistrate judge.*** A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a ***de novo*** determination by the district court. *See Thomas v. Arn,* 474 U.S. 140, 150, 106 S.Ct. 466, 472, 88 L.Ed.2d 435 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation contained in this Memorandum and Recommendation within 10 days after being served with a copy shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1428–29 (5th Cir. 1996).

SIGNED this 29th day of August, 1996.