# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-30075

United States Court of Appeals
Fifth Circuit

**FILED**
September 27, 2016

Lyle W. Cayce
Clerk

ETHEL FONTENOT,

> Plaintiff - Appellant

v.

CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY,

> Defendant - Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:13-CV-595

Before REAVLEY, DAVIS, and JONES, Circuit Judges.

PER CURIAM:[*]

Ethel Fontenot filed a claim for Title XVI Supplemental Security Income (SSI) benefits and Title II disability insurance benefits (DIB) based on her asserted disability in 2010, alleging that it impeded her ability to work starting in 2009. Her claims were denied, but she appealed to an Administrative Law Judge (ALJ) who issued a partially favorable ruling. Fontenot appealed that determination to the appeals council and district court, each of whom rejected

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

her appeals. On appeal to this court she raises issues of due process, errant findings, and inappropriate application of age-based standards. Finding substantial evidence to support the ALJ's findings and no other reversible error of law or fact, we affirm.

At the time of her claimed disability onset, Fontenot was 52, however she had turned 54 at the time of filing her applications. She cited bone disease, an enlarged heart, hypertension, high cholesterol, spinal problems and depression. Her application was denied, but she requested and received an administrative hearing. The ALJ issued subpoenas to Drs. Voitier and Whiteman. At the hearing, Dr. Whiteman testified, but Dr. Voitier was not originally available. The ALJ asked if Fontenot's representative would like to submit interrogatories for Dr. Voitier, however her representative declined. Later in the hearing, the ALJ asked Fontenot if she would like to call the doctor for additional testimony, but Fontenot's representative stated "I do not, judge. I think . . . in view of the testimony here today, it would be superfluous for us to speak with Dr. [Voitier]."

After the hearing the ALJ issued a notice advising Fontenot of her right to request a supplemental hearing. Fontenot's representative requested a fully favorable decision or a supplemental hearing compelling Vocational Expert (VE) Peterson, Dr. Whiteman, and Dr. Voitier to appear. The ALJ issued a partially favorable decision and denied Fontenot a supplemental hearing. The decision granted Fontenot SSI benefits, but a disability onset date in June of 2011, when Fontenot turned 55. Fontenot's request for review was denied by the appeals council in early 2013. She then filed suit in district court in the Western District of Louisiana. In June 2015 a magistrate judge recommended the ALJ's decision be upheld, and the district court adopted the magistrate judge's Report and Recommendation in December 2015.

No. 16-30075

Having exhausted all administrative and lower court remedies available to her, Fontenot appealed to this court. Fontenot raises four issues with regards to the administrative determination: (1) that she was denied due process when she was denied a supplemental hearing to cross-examine Dr. Voitier, (2) that she was denied due process when she was denied a supplemental hearing to further cross-examine Dr. Whiteman, (3) that the ALJ's Residual Functioning Capacity (RFC) finding was in error, and (4) that the ALJ erred in her application of the Medical-Vocational Guidelines (GRIDS) which resulted in an incorrect disability onset date.

1.      Fontenot has waived her due process claim stemming from her inability to cross-examine Dr. Voitier. Precedent dictates that "[a]rguments not raised in the district court cannot be asserted for the first time on appeal." *Greenberg v. Crossroads Sys., Inc.*, 364 F.3d 657, 669 (5th Cir. 2004). Further, "[a] party must 'press and not merely intimate the argument during the proceedings before the district court.'" *Hardman v. Colvin*, 820 F.3d 142, 152 (5th Cir. 2016) (quoting *Keelan v. Majesco Software, Inc.,* 407 F.3d 332, 340 (5th Cir.2005)). Fontenot failed to raise a due process claim regarding Dr. Voitier before either the magistrate judge or the district court, focusing instead exclusively on a due process challenge regarding the handling of Dr. Whiteman's testimony and report. The magistrate judge's Report and Recommendation did not address this claim in any fashion, and the district court fully adopted the magistrate's Report and went no further. Additionally, when provided the opportunity to have the ALJ track down the missing Dr. Voitier, Fontenot's representative declined, saying it would be superfluous, and even declined an opportunity to submit interrogatories. Therefore, this claim has been waived.

2.      Fontenot was not denied due process, because she had a full and fair opportunity for cross-examination of Dr. Whiteman in the initial

No. 16-30075

administrative hearing. "Due process requires that a claimant be given the opportunity to cross-examine and subpoena the individuals who submit reports." *Lidy v. Sullivan*, 911 F.2d 1075, 1077 (5th Cir. 1990). The judge ordered a subpoena for Dr. Whiteman, Dr. Whiteman appeared, and Fontenot's representative was able to question the doctor. This procedural protection fully complies with the standard in *Lidy*.

3.      The ALJ's RFC is supported by substantial evidence. It is the responsibility of the ALJ to interpret "the medical evidence to determine [a claimant's] capacity for work." *Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005) (quoting *Greenspan v. Shalala,* 38 F.3d 232, 236). "It is 'more than a mere scintilla and less than a preponderance.'" *Id.* (quoting *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002)). The ALJ relied on reports and analysis from two consultative examiners and the review physician in making her determination. Further, the ALJ adequately dealt with a dispute between physicians (Drs. Haag and Whiteman) noting that the treatment records were consistent with Dr. Haag's diagnosis and that Dr. Whiteman's form conflicted with his own consultative report. "[T]he ALJ is entitled to determine the credibility of medical experts as well as lay witnesses and to weigh their opinions and testimony accordingly." *Moore v. Sullivan*, 919 F.2d 901, 905 (5th Cir. 1990). The RFC must be upheld under the substantial evidence standard, because reliance on the analysis of these doctors is more than a mere scintilla, and any evaluation of the accuracy of the analysis is beyond the scope of this court's review.

4.      While Fontenot does raise concerns with the determination of the disability onset date in the district court, her claims there are solely concerned with issues surrounding slowly progressive impairments. Before this Court,

however, Fontenot's theory has shifted to discussion of a borderline-age situation. These are fundamentally different theories requiring different factual backgrounds and reasoning. As discussed with regard to Fontenot's waived due process claim, "[a]rguments not raised in the district court cannot be asserted for the first time on appeal." *Greenberg*, 364 F.3d at 669. Given her failure to raise the issue in the district court pleadings, the magistrate and district court did not address this issue. Fontenot fails to explain why it was not raised or how it will cause a miscarriage of justice. The issue was not preserved for appeal, and is therefore waived.[1]

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

---

[1] Had it been properly preserved, the ALJ's decision should still be upheld. "'[B]orderline' is not specifically defined, indicating that the Secretary has discretion in determining when a situation is 'borderline,'" and "[t]he Secretary's interpretations of his regulations deserves considerable deference in the absence of an obvious inconsistency between the interpretation and the language of the regulation in question." *Harrell v. Bowen*, 862 F.2d 471, 479 (5th Cir. 1988). According to the agency manual, a few months should mean "a period not to exceed six months." Hearing, Appeals, and Litigation Law Manual (HALLEX) I-2-2-42, 2016 WL 1167001, at *1. There is no obvious inconsistency between an interpretation of less than six months and language calling for "a few days to a few months," so it is entitled to deference. On the date last insured, Fontenot was over 11 months from reaching the next higher age category, therefore the ALJ appropriately determined this was not a borderline-age category case. Social Security Ruling (SSR) 83-10, 1983 WL 31251 at *8 ("When the person last met the insured status requirement before the date of adjudication, the oldest age to be considered is the person's age at the date last insured.").