Arnold N. SOLIS, Plaintiff-Appellant,

v.

Richard S. SCHWEIKER, Secretary,
Health and Human Services,
Defendant-Appellee.

No. 82–5457.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 8, 1983.

Decided Oct. 24, 1983.

James A. Jensen, Long Beach, Cal., for
plaintiff-appellant.

Dennis J. Mulshine, San Francisco, Cal.,
for defendant-appellee.

Before HUG and NELSON, Circuit
Judges, and EAST,* District Judge.

NELSON, Circuit Judge:

The issue in this case is the extent to
which a disability claimant is entitled to
cross-examine a physician whose written re-
port of medical findings supports a finding
of nondisability. We hold that where the
physician is a crucial witness whose find-
ings substantially contradict the other
medical testimony, and when as in this case
interrogatories are an inadequate substitute
for cross-examination, the claimant has
been denied procedural due process if his
request to subpoena the physician is not
granted.

Appellant Solis' application for disability
insurance and supplemental security income
benefits based on a chronic back injury was
denied. In reaching his ultimate finding of
nondisability, the administrative law judge
["ALJ"] initially considered five medical
opinions. Three orthopedic surgeons and a
neurologist found that Solis was temporari-
ly totally disabled, but disagreed as to how
long the disability would continue. Solis'
treating physician, an orthopedic surgeon,

* Hon. William G. East, Senior United States Dis-
trict Judge for the District of Oregon, sitting by
designation.

considered Solis permanently disabled—unable then or in the future to return to any kind of gainful employment.

Apparently to resolve an open question in his mind, the ALJ sought an additional medical report from a Dr. Starr. Starr's examination was paid for by the Social Security Administration. After examining Solis and his medical records, Starr concluded that the claimant had the residual functional capacity to sit, stand, or walk for an eight-hour work day. The ALJ denied Solis his request to cross-examine Dr. Starr for possible bias, allowing him to submit interrogatories instead. The ALJ ruled, based on Starr's testimony, that Solis was capable of sedentary work and thus ineligible for benefits. The district court summarily affirmed.

 A claimant in a disability hearing is not entitled to unlimited cross-examination, but rather "such cross-examination as may be required for a full and true disclosure of the facts." 5 U.S.C. § 556(d). The ALJ, therefore, has discretion to decide when cross-examination is warranted.

The government argues that the ALJ did not abuse his discretion in denying Solis' request to cross-examine Starr. It relies on *Richardson v. Perales,* 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971), in which the Supreme Court found that, even in the absence of cross-examination, an adverse medical report may constitute substantial evidence of nondisability.

In *Perales,* however, the claimant failed to request cross-examination. In the absence of any request for cross-examination, the Court would not presume that an independent doctor working for the Social Security Administration was biased. Here Solis requested cross-examination, but that request was denied. *Perales,* therefore, does not govern this case directly.

*Perales* is, however, instructive on the issue before us. In deciding that it would not infer bias, the Court stressed that the procedure of relying on isolated medical reports to find nondisability is fair precisely because the claimant has the op-

portunity to cross-examine the physician. *Id.,* at 402, 404, 407, 410, 91 S.Ct. at 1427, 1428, 1430, 1432. Because Solis availed himself of the right to request cross-examination, and because the report was so crucial to the ALJ's decision, we find that the denial of Solis' request was an abuse of discretion.

Having concluded that Solis was entitled to some type of cross-examination, we now turn to the question whether the interrogatories were an adequate substitute for cross-examination in this case. We find that they were not. Although interrogatories can adequately replace in-court testimony where factual questions such as foundation or expertise are at issue, we agree with appellant that bias is better elicited through rigorous in-court scrutiny. The general difficulty of demonstrating bias through written interrogatories was compounded in this case by Starr's cursory and unilluminating responses.

We therefore REVERSE and REMAND.