82 F.3d 423
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William D. JOHNSON, Plaintiff-Appellant,
v.
Shirley S. CHATER**, Commissioner, Social
Security Administration, Defendant-Appellee.
 No. 95-55172.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 26, 1996.*
Decided April 1, 1996.
 
 Before: GOODWIN, WIGGINS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 William D. Johnson appeals the district court's summary judgment affirming the decision of the Commissioner of the Social Security Administration ("Commissioner") denying Johnson's application for disability insurance benefits under 42 U.S.C. § 405. Johnson alleged that he was unable to work because he suffered from chronic fatigue syndrome. We review de novo the district court's grant of summary judgment. See Drouin v. Sullivan, 966 F.2d 1255, 1257 (9th Cir.1992). The district court must be affirmed if substantial evidence supports the findings of the administrative law judge ("ALJ") and the ALJ applied the correct legal standards. See Orteza v. Shalala, 50 F.3d 748, 749 (9th Cir.1995) (per curiam). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Johnson contends that the ALJ's decision was not supported by substantial evidence because the ALJ did not give proper weight to the opinion of his examining psychologist and one of his treating physicians. This contention lacks merit.
 
 
 4
 The medical opinion of a claimant's treating physician is entitled to "special weight." See Embrey v. Bowen, 849 F.2d 418, 421 (9th Cir.1988). The uncontradicted opinion of the claimant's treating or examining physician can only be rejected for "clear and convincing" reasons. See Lester v. Chater, 69 F.3d 1453, 1463 (9th Cir.1995). The ALJ must provide "specific and legitimate reasons" supported by substantial evidence in the record to reject the contradicted opinion of a treating physician. See id.
 
 
 5
 The ALJ relied on the opinion of Dr. Martinez, a physician who treated Johnson for more than two years. Doctor Martinez stated that Johnson did not have chronic fatigue syndrome and was not clinically depressed. The ALJ also relied on the objective clinical findings contained in the medical reports of Johnson's other examining physicians. The ALJ, however, rejected the medical opinions of Johnson's other treating physician and examining psychologist because they relied primarily on Johnson's unsupported assertions, which the ALJ discredited. The ALJ discussed in detail the contrast between Johnson's complaints and the clinical findings, and noted inconsistencies in the examining psychologist's report that justified his conclusion that Johnson was not credible. Because the ALJ gave specific and legitimate reasons for rejecting the opinions of certain treating and examining physicians, his finding that Johnson was not disabled was supported by substantial evidence. See Fair v. Bowen, 885 F.2d 597, 605 (9th Cir.1989).
 
 
 6
 Johnson also contends that the ALJ's hypothetical question posed to the vocational expert at his hearing was improper because it did not contain all of Johnson's alleged physical and psychological impairments. This contention lacks merit.
 
 
 7
 "The limitation of evidence in a hypothetical question is objectionable 'only if the assumed facts could not be supported by the record.' " See Magallanes v. Bowen, 881 F.2d 747, 757 (9th Cir.1989) (quoting Sample v. Schweiker, 694 F.2d 639, 644 (9th Cir.1982)). Here, the ALJ's hypothetical question was consistent with the findings of Johnson's treating physician, Dr. Martinez. Accordingly, substantial evidence supported the ALJ's hypothetical question. See id.
 
 
 8
 Johnson also contends that the ALJ improperly interfered with Johnson's cross-examination of the vocational expert. The record reveals that the ALJ gave Johnson's representative wide latitude when cross-examining the vocational expert. The ALJ intervened in the cross-examination only to clarify terminology and prevent the vocational expert from answering questions requiring psychological analysis. Because a claimant in a disability hearing is not entitled to unlimited cross-examination, the ALJ's actions were proper. See Solis v. Schweiker, 719 F.2d 301, 302 (9th Cir.1983).
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Pursuant to Pub.L. No. 103-296, the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of the Social Security Administration effective March 31, 1995. In accordance with section 106(d) of Pub.L. 103-296, Shirley S. Chater, Commissioner of Social Security Administration, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3