132 F.3d 39
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael D. KURTZ, Plaintiff-Appellant,
v.
John J. CALLAHAN,* Acting Commissioner,
Social Security Administration, Defendant-Appellee.
 No. 96-55726.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 5, 1997.
Dec. 15, 1997.
 
 1
 Appeal from the United States District Court for the Central District of California, Edward Rafeedie, District Judge, Presiding.
 
 
 2
 Before BEEZER, THOMPSON and O'SCANNLAIN, C.J.
 
 
 3
 MEMORANDUM**
 
 
 4
 Michael D. Kurtz appeals the district court's summary judgment affirming the final decision of the commissioner of Social Security Administration which denied his application for disability benefits under 42 U..S.C. § 401. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 DISCUSSI0N
 
 5
 We review de novo the district court's summary judgment upholding a denial of benefits. See Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir.1996). We must affirm the decision if substantial evidence supports the findings of the Administrative Law Judge ("ALJ") and the ALJ applied the correct legal standards. See id. We consider the record as a whole, weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion. See id.
 
 1. Treating Psychologist's Opinion
 
 6
 Kurtz contends that substantial evidence did not support the ALJ's decision to disregard his treating psychologist's opinion that Kurtz suffered from post-traumatic stress disorder and depression. We disagree.
 
 
 7
 The ALJ may disregard the treating physician's opinion by setting forth specific, legitimate reasons for doing so that are based on substantial evidence. See Murray v. Heckler, 722 F.2d 499, 502 (9th Cir.1983). "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Cotton v. Bower, 799 F.2d 1403, 1408 (9th Cir.1986) (per curiam).
 
 
 8
 The ALJ specifically rejected the opinion of Kurtz's treating psychologist, Dr. Elaine S. Karr because her report contained "no reference to psychiatric signs"[1] and her opinion was "not consistent with the objective evidence as a whole, including her own records." The ALJ found the following objective evidence inconsistent with Dr. Karr's opinion: Kurtz was attending a computer rehabilitation course, was actively looking for work, and was not on any prescribed psychiatric medication. The ALJ also noted that Kurtz maintained his personal care, had only slight difficulties in maintaining social functioning, had been cooperative on all examinations, and seldom had deficiencies of concentration, persistence or pace. In addition, the ALJ relied on the reports of two consultative psychiatrists. First, Dr. Khang Nguyen found that Kurtz had no evidence of psychiatric symptoms. Dr. Nguyen determined that: Kurtz related well and appropriately; his speech was spontaneous, goal-directed, articulate and elaborate; his affect was appropriate and bright; and he had full reality contact. Moreover, Dr. Nguyen found that Kurtz's intellectual function was unimpaired with the ability to focus, maintain attention, understand, remember, and follow instructions. See Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir.1989) (holding that ALJ properly rejected treating physician's opinion where nonexamining physician's opinion was consistent with other evidence in record). Second, Dr. Solomon Perlo found that Kurtz exhibited normal behavior and psychomotor activity. Dr. Perlo noted that Kurtz was competent for medical-legal purposes, and that he was reasonably psychologically sophisticated. In addition, Dr. Perlo found that the discrepancy between Kurtz's perceived level of distress and his expected level evidenced significant exaggeration and over-reporting of his psychopathology. See Fair v. Bowen, 885 F.2d 597, 605 (9th Cir.1989) (holding that ALJ properly disregarded treating physician's opinion based on claimant's discounted complaints). These constitute specific, legitimate reasons for rejecting the opinion of a treating psychologist. See Murray, 722 F.2d at 502. Accordingly, substantial evidence supported the ALJ's decision to disregard the opinion of the treating psychologist. See Magallanes, 881 F.2d at 751; Cotton, 799 F.2d at 1408.[2]
 
 2. Vocational Expert
 
 9
 Kurtz contends that substantial evidence did not support the ALJ's decision to use the grids without taking, vocational expert testimony where Kurtz's non-exertional impairments impacted his work capacity. We disagree.
 
 
 10
 The use of grids is appropriate where non-exertional limitations do not significantly affect residual functional capacity. See Razey v. Heckler, 785 F.2d 1426, 1430 (9th Cir.1986) (stating that grids explicitly provide for evaluation of claimants asserting both exertional and non-exertional limitations), amended, 794 F.2d 1348 (9th Cir.1986).
 
 
 11
 The ALJ specifically found that Kurtz's capacity for light work was not significantly compromised by his non-exertional limitations. The ALJ relied on the same objective evidence and medical opinions that the ALJ cited in disregarding the treating psychologist's opinion. The objective evidence and medical opinions relied upon by the ALJ to disregard the treating psychologist's opinion also constituted substantial evidence to support the ALJ's finding that Kurtz's non-exertional limitations do not significantly compromise his residual functional capacity. See Razey, 785 F.2d at 1430. This, substantial evidence also supported the ALJ's decision to use the grids without taking vocational expert testimony. See id.
 
 3. Cross-Examination
 
 12
 Kurtz contends that the ALJ abused his discretion by not allowing cross-examination of two consultative doctors after his request. We disagree.
 
 
 13
 A claimant is not entitled to unlimited cross-examination at the disability hearing but rather "such cross-examination as may be required for a full and true disclosure of the facts." See Solis v. Schweiker, 719 F.2d 301 302 (9th Cir.1983) (quoting 5 U.S.C. § 556(d)). The ALJ has discretion to decide when cross-examination is warranted. See Solis, 719 F.2d at 301 (holding that claimant is entitled to cross-examination where physician is, "crucial witness whose findings substantially contradict the other medical testimony"). A claimant must request cross-examination by filing a written explanation of why the subpoena is reasonably necessary for a full presentation of the case at least five days before the hearing date. See 20 C.F.R. § 404.950(d)(2)
 
 
 14
 After the administrative hearing, Kurtz filed a written request to cross-examine Dr. Nguyen and Dr. Knapp, a consultative orthopedist. Thus, Kurtz waived cross-examination because his request was untimely. See id. In addition, the ALJ correctly found that cross-examination was not reasonably necessary because the questioned reports merely confirmed other objective evidence supporting a finding of nondisability. See id.; see also Calvin v. Chater, 73 F.3d 87, 91 (6th Cir.996) (holding that identical regulation required timely written Explanation of why subpoena is reasonably necessary for full presentation of case). Accordingly, the ALJ did not abuse his discretion by not allowing the cross-examination of the two consultative doctors. See Solis, 719 F.2d at 302.
 
 
 15
 AFFIRMED.
 
 
 
 *
 John J. Callahan, Acting Commissioner, Social Security Administration, is substituted for Shirley S. Chater. See Fed. R.App. P. 43(c)(1)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 "Psychiatric signs are medically demonstrable phenomena which indicate specific abnormalities of behavior, affect, thought, memory, orientation and contact with reality." 20 C.F.R. § 404.1528(b)
 
 
 [2]
 Because the ALJ made no specific finding that Kurtz failed to follow prescribed treatment, we decline Kurtz's invitation to address whether his inability to afford treatment was a justifiable cause