**Florentino M. GALVAN, Plaintiff— Appellant,**

v.

**Jo Anne B. BARNHART, Commissioner of the Social Security Administration, Defendant—Appellee.**

No. 02–17489.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 12, 2004.

Decided March 5, 2004.

---

1. Because the parties are familiar with the facts, we do not recite them here.

Mark Ross Caldwell, Esq., Caldwell & Ober, PLLC, Phoenix, AZ, for Plaintiff–Appellant.

Michael A. Johns, Esq., USPX—Office of The U.S. Attorney, Phoenix, AZ, Allan D. Berger, Office of The General Counsel, SSA, Denver, CO, for Defendant–Appellee.

Before: RYMER, HAWKINS, and BYBEE, Circuit Judges.

## MEMORANDUM [*]

■ The determination of the Administrative Law Judge ("ALJ") that Florentino M. Galvan ("Galvan") was not entitled to disability insurance benefits or supplemental security income under 42 U.S.C. §§ 401–433, 1381–1383c, was supported by substantial evidence. The ALJ reasonably gave controlling weight to Dr. MacKenzie's opinion and less weight to Dr. Nolan's opinion based on Dr. MacKenzie's long term treatment of Galvan as supported by treatment records and the greater weight of the medical evidence. *See Rollins v. Massanari,* 261 F.3d 853, 855 (9th Cir. 2001) (court upholds the ALJ's decision "if it was supported by substantial evidence in the record and applied the correct legal standards"); *Smolen v. Chater,* 80 F.3d 1273, 1279 (9th Cir.1996) ("Substantial evidence," for purposes of reviewing denial of social security disability benefits, means more than a scintilla, but less than a preponderance). The ALJ's determination

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

that Galvan was not entirely credible was also supported by substantial evidence. As required, the ALJ specifically mentioned the evidence that she found undermined Galvan's complaints. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600–01 (9th Cir.1999).

The ALJ's decision was also free from legal error. The ALJ relied on the opinion of Dr. MacKenzie, the treating physician, and did not *rely* on the opinions of the non-examining state agency physicians, thus there was no error in denying Galvan's request to subpoena them. *Cf. Solis v. Schweiker*, 719 F.2d 301, 302 (9th Cir.1983) (reversing denial of benefits where ALJ failed to grant claimant's request to subpoena physician whose report was "crucial" to the ALJ's decision).

Although the ALJ has a duty to conduct an appropriate inquiry when it is necessary to fully and fairly develop the record, there was no indication that the record was in any way incomplete or ambiguous with regard to Galvan's potential mental impairments. *See Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir.1983). There was also no indication that the ALJ failed to consider the combined effect of Galvan's impairments.

Finally, there was no error in the use of the Medical–Vocational guidelines because the ALJ separately considered the non-exertional impairment of vertigo and also necessarily considered Galvan's pain in determining he was only able to do light work. *See Desrosiers v. Sec'y of Health and Human Servs.*, 846 F.2d 573, 577 (9th Cir.1988).

AFFIRMED.