**Axel N. BELLO, Plaintiff—Appellant,**

v.

**Michael J. ASTRUE,\* Commissioner Social Security Administration, Defendant—Appellee.**

No. 05–16513.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 11, 2007.

Filed July 23, 2007.

---

\* Michael J. Astrue is substituted for his predecessor Jo Anne Barnhart as Commissioner of the Social Security Administration. Fed. R.App. P. 43(c)(2).

Mark Ross Caldwell, Esq., Caldwell & Ober, PLLC, Phoenix, AZ, for Plaintiff–Appellant.

Geralyn A. Gulseth, Esq., Social Security Administration, Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before: HUG, RYMER and FISHER, Circuit Judges.

### MEMORANDUM **

Axel Bello appeals from the district court's order affirming the Administrative Law Judge's ("ALJ") denial of disability insurance benefits and supplemental security income. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse and remand for further proceedings.

■ Relying on the opinion of examining physician Dr. Keith Cunningham, the ALJ concluded that despite several "severe" physical impairments, Bello can sit for six hours in an eight-hour workday and stand for at least two hours in an eight-hour workday, and therefore can perform past relevant work as an office collections worker or paralegal. Dr. Cunningham, however, formed his opinion without the benefit of Bello's medical history file, and erroneously believed that Bello had no history of diabetic neuropathy. In an effort to confront Dr. Cunningham about the basis and content of his opinion, Bello filed a motion to subpoena the physician for cross-examination, but the ALJ denied Bello's request.

A claimant in a disability hearing is entitled to "such cross-examination as may be required for a full and true disclosure of the facts." 5 U.S.C. § 556(d). Procedural due process requires that a motion to subpoena be granted "where the physician is a crucial witness whose findings substantially contradict the other medical testimony." *Solis v. Schweiker,* 719 F.2d 301, 301 (9th Cir.1983). Dr. Cunningham's opinion—formed without a proper understanding of Bello's medical history—that Bello was not affected by diabetic neuropathy was sufficiently controversial to merit cross-examination because it constituted the primary basis for the ALJ's denial of benefits based on physical impairment and substantially contradicted the opinion of treating physician Dr. Lawrence Ryan. Accordingly, we conclude that the ALJ abused her discretion by denying Bello's motion to subpoena Dr. Cunningham.

■ We reject the remainder of Bello's claims because they lack merit. We affirm the ALJ's denial of Bello's motion to subpoena Drs. Roderic Huber and Jane George because neither physician was a "crucial witness." The ALJ did not purport to base the denial of benefits on Dr. Huber's opinion, and she provided a number of reasons—independent of Dr. George's opinion—for finding Bello's alleged mental impairments not "severe."

We reverse and remand to provide Bello with an opportunity to cross-examine Dr. Cunningham and to allow the ALJ to reconsider her decision based on the revised

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

record. *See Benecke v. Barnhart,* 379 F.3d 587, 593 (9th Cir.2004) (explaining that remand for further proceedings is appropriate where enhancement of the record would be useful).

**REVERSED AND REMANDED.**