*190 MEMORANDUM ***
Frederick J. Vasquez appeals the district court’s order affirming an administrative law judge’s denial of social security benefits. We have jurisdiction pursuant to 28 U.S.C. § 1291. The district court’s order is reviewed de novo. Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir.2001). The decision may be set aside only if it is based on legal error or unsupported by substantial evidence. Id. If the evidence is subject to different rational interpretations, the ALJ’s decision must be upheld. Id. We affirm.
Substantial evidence supports the ALJ’s finding that Vasquez’s mental and physical conditions do not prevent him from engaging in substantial gainful activity. 42 U.S.C. § 423(d)(1)(A); Edlund, 253 F.3d at 1156. The ALJ found Vasquez’s reported behavior consistent with narcissistic personality traits, not a listed mental impairment. 20 C.F.R. § 404, subpt. P, app’x 1. The medical records describe Vasquez as an elitist thinker, derogatory toward and critical of others, and unwilling to accept responsibility for social discord. The ALJ was not required to specify the listed mental impairments Vasquez failed to meet. Gonzalez v. Sullivan, 914 F.2d 1197, 1200-01 (9th Cir.1990). The ALJ considered Vasquez’s ability to work in light of his personality limitations, and concluded Vasquez could work as an inspector, production worker, or packer. Soc. Sec. Regulation 85-15,1985 WL 56857 (1985).
The ALJ provided specific and legitimate reasons for not giving significant weight to the opinion of Vasquez’s treating rheumatologist that Vasquez’s physical conditions prevent him from working. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir.2005). The rheumatologist’s opinion is comprised of non-detailed conclusions in checklist form, without an explanation or description of the severity of Vasquez’s symptoms, and conflicts with the consultative examiner’s report and evidence that Vasquez maintains a daily routine of household chores and childcare responsibilities. Batson v. Comm’r, 359 F.3d 1190, 1194-95 (9th Cir.2004) (holding that treating physicians’ conflicting, checklist form opinions were entitled to minimal weight). The ALJ provided specific, clear, and convincing reasons for rejecting Vasquez’s testimony about the severity of his symptoms. Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir.1996). Vasquez’s self-reported pain was inconsistent with his reported daily activities, and he failed to delineate his pain. Rather, he testified primarily about sleep disturbances.
Vasquez requests a remand to the ALJ to develop the record because the ALJ limited the vocational expert’s repetitive cross-examination. He was not entitled to unlimited cross-examination at the hearing, just cross-examination necessary for a full and true disclosure of facts. 5 U.S.C. § 556(d); Solis v. Schweiker, 719 F.2d 301, 302 (9th Cir.1983). His remand request is denied becaüse he fails to identify testimony or evidence the ALJ precluded.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.