**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| KIMBERLY ANNE ROBINSON, | No. 14-16794 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-00488-GMS |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Argued and Submitted November 18, 2016
San Francisco, California

Before: GOULD, CLIFTON, and WATFORD, Circuit Judges.

Kimberly Robison[1] appeals the district court's judgment affirming an

administrative law judge's (ALJ) decision denying her application for disability

---

    \*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [1]  The district court identified appellant's name as Robinson, presumably because the Notice of Appeal filed by her counsel in the district court spelled her name that way and the court docketed the case with that name. This appears to be in error as her name is spelled Robison throughout the briefs and record.

insurance benefits under Title II of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand.

The ALJ did not provide "specific, clear and convincing reasons" for rejecting Robison's testimony about the severity of her symptoms. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)).

Robison testified that she suffers from bipolar disorder. She goes through manic and depressive phases. During manic episodes she becomes violent or angry and has psychotic delusions. She has trouble concentrating, and has racing thoughts and panic attacks. She testified that she has two or three manic episodes per month. During depressive episodes she is afraid to go outside, has delusions that people want to hurt her, and sometimes becomes suicidal. She stays home at least three to four days per month because of her depression. She testified that she "often" goes through depressive episodes, averaging two or three episodes per month. She also testified that the more stress she has, the worse her symptoms become. In a typical day she gets up, attends to her personal hygiene, eats, and does some chores. She listens to music and watches television. She testified that she and her fiancé take care of doing chores and paying bills together, although he

mainly takes care of the household.  She also stated that her fiancé's mother helps them with shopping.

The ALJ determined that Robison's "statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the . . . residual functional capacity assessment."  The ALJ supported his negative credibility finding by relying on evidence that Robison attends to her personal care needs, engages in daily living activities, can handle money, and spends time with others.  He also found that she "stopped working for reasons not related to the allegedly disabling impairments," namely that she was fired from her last job.  He pointed to her refusal to obtain treatment and failure to appear at medical appointments as evidence that her impairments are not as severe as alleged.  Finally, he noted her poor earnings history ("further indicating a lack of motivation to work"), and an inadequate effort finding on a test administered by a consultative examiner.

The ALJ's negative credibility finding is not supported by clear and convincing reasons.  First, attending to her personal needs and engaging in daily living activities at home is not inconsistent with Robison's testimony that she experiences mania and depression, and is afraid to leave the home many times per month.  Second, attempting to work—shown by being fired (though the reason for

termination is not in the record)—does not undermine Robison's credibility. Indeed, attempting to work and failing supports her allegations of disabling symptoms. *See Lingenfelter*, 504 F.3d at 1038. Third, although Robison may have missed some appointments and rejected individual counseling, "it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation." *Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996) (quoting *Blankenship v. Bowen*, 874 F.2d 1116, 1124 (6th Cir. 1989)). The ALJ also did not explain how a few missed appointments undermined Robison's credibility when there was ample evidence that she obtained and actively engaged in treatment for years. *Cf. Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014). Finally, the "inadequate effort" finding was for a breath test, and did not relate to the severity of her bipolar symptoms. The ALJ did not offer clear and convincing reasons for rejecting Robison's testimony concerning the severity of her bipolar symptoms.

The ALJ also erred in giving "[n]o weight" to the treating nurse practitioner's opinion. The opinions of nurse practitioners may "show the severity of [the claimant's] impairment(s) and how it affects [the claimaint's] ability to work." 20 C.F.R. § 404.1513(d). To the extent the ALJ concluded the opinion conflicted with "consistently good mental status examinations," the ALJ erred by

4

not clearly taking the nature of Robison's mental illness and her entire mental health history—including multiple hospitalizations—into account. *See Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001).

There are inconsistencies in the medical evidence, and between the medical evidence and Robison's testimony, that the ALJ needs to resolve. We remand for further administrative procedures. *Treichler v. Comm'r of Soc. Sec. Admin.,* 775 F.3d 1090, 1105–06 (9th Cir. 2014).[2]

**REVERSE AND REMAND.**

---

[2] Because we are reversing on other grounds, we need not decide whether the district court should have granted Robison's subpoena requests. However, we note that when a party has availed herself of the right to cross-examine physicians whose reports are crucial to the ALJ's decision, denial of a subpoena request may be an abuse of discretion. *See Solis v. Schweiker*, 719 F.2d 301, 302 (9th Cir. 1983).