NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 24 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KENNETH W. LEMBERG, | No. 17-15832 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-02394-SRB |
| v. | |
| NANCY A. BERRYHILL, Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Argued and Submitted February 5, 2019
Withdrawn from Submission February 5, 2019
Resubmitted April 22, 2019
Phoenix, Arizona

Before: HAWKINS, M. SMITH, and HURWITZ, Circuit Judges.

Kenneth Lemberg appeals a district court order affirming the Commissioner

of Social Security's decision that he had the residual functional capacity ("RFC") to

work as of November 26, 2003—and was therefore not entitled to Social Security

Disability Insurance. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1. We find no reversible error in the evaluation by the administrative law judge ("ALJ") of the opinions of treating physicians Drs. Bernstein and Porter. The treating doctors' opinions were contradicted by the opinions of other physicians, and the ALJ gave other "specific, legitimate reasons based on substantial evidence in the record" for rejecting each. *See Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). The ALJ rejected Dr. Bernstein's opinion because it was contradicted by Lemberg's reported daily activities. She rejected Dr. Porter's assessment because it was contradicted by imaging studies and Lemberg's contemporaneous descriptions of his pain. And, the ALJ reasonably concluded that Dr. Porter's January 2005 statement that Lemberg's complaints were "well outlined with subjective and objective documentation" referred only to recent medical evidence.

2. The ALJ did not err in evaluating the opinions of the non-treating physicians. The ALJ reasonably found the opinions of Drs. Wood and Hopkins consistent and supported by other medical evidence, and properly adopted an RFC based on their assessments. *See Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 1995).

3. The ALJ did not abuse her discretion in denying Lemberg's request to subpoena nonexamining physicians. *See Copeland v. Bowen*, 861 F.2d 536, 539 (9th Cir. 1988). Even assuming that Dr. Hopkins was a crucial witness, his findings were not substantially contradicted by the opinions of other physicians. *See Solis v. Schweiker*, 719 F.2d 301, 301 (9th Cir. 1983). Moreover, Lemberg's request did not

2

comply with the governing regulation. It did not state "the names of the witness or documents to be produced" and "the important facts that the witness or document is expected to prove," or explain "why these facts could not be proven without issuing a subpoena." 20 C.F.R. § 404.950(d)(2).

4. The ALJ did not err in finding Lemberg's symptom testimony not credible. The ALJ gave "specific, clear and convincing reasons" for rejecting the testimony, noting that it was inconsistent with Lemberg's reported daily activities and with medical evidence indicating a lack of muscle atrophy. *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996).

5. The ALJ did not err in discounting the lay witness report of Lemberg's wife. The ALJ gave a germane reason for doing so—that Mrs. Lemberg's statement was inconsistent with Lemberg's testimony at trial and other evidence in the record. *See Molina*, 674 F.3d at 1114.

6. The ALJ did not err in finding Lemberg medically improved as of November 26, 2003. Although Lemberg was found disabled until that date, the ALJ properly compared the medical evidence available before November 26, 2003, with "the medical evidence existing at the time of possible medical improvement." *Attmore v. Colvin*, 827 F.3d 872, 876 (9th Cir. 2016); *see also* 42 U.S.C. § 423(f)(1); 20 C.F.R. 404.1594(b)–(c). Lemberg's reports of decreased pain beginning in November 2003 and objective medical images showing no abnormalities support a

finding of medical improvement.

7. The ALJ's finding that other work was available to Lemberg was supported by the testimony of a vocational expert ("VE"). That testimony constituted substantial evidence despite the VE's failure to provide underlying data. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1157 (2019); *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005).

8. Even assuming that the VE gave ambiguous testimony about transferrable skills, any error in failing to resolve that ambiguity was harmless. The ALJ determined that Lemberg could perform unskilled work. The transferrable skill testimony was therefore "inconsequential to the ultimate nondisability determination." *See Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (quoting *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006)).

**AFFIRMED.**