**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| SAMUEL J. BARRERAS, Jr., | No. 19-55060 |
| Plaintiff-Appellant, | D.C. No. 5:17-cv-02232-FMO-JEM |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Fernando M. Olguin, District Judge, Presiding

Submitted February 4, 2020**
Pasadena, California

Before: IKUTA and CHRISTEN, Circuit Judges, and MARBLEY,*** District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Algenon L. Marbley, United States District Judge for the Southern District of Ohio, sitting by designation.

Appellant Samuel Barreras, Jr. appeals the district court's order affirming the denial of Social Security Disability benefits. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. Because the parties are familiar with the facts of the case, we recite only those necessary to resolve the issues on appeal.

1. The ALJ did not err by declining to categorize Barreras in the "advanced age category." When confronted with a borderline age situation, an ALJ is only required to consider whether to use the older age category. *See Lockwood v. Comm'r SSA*, 616 F.3d 1068, 1071 (9th Cir. 2010). There is no requirement that the ALJ provide a written explanation for declining to use an older age category. *Id.* (citing 20 C.F.R. § 404.1563(b)). Here, the ALJ mentioned Barreras's birthday, that he was 54 years old on the date last insured, and that he had changed age categories during the relevant period. The ALJ cited the relevant regulation, § 404.1563, and acknowledged Barreras's borderline-age argument and counsel's statement in a pre-hearing brief that Barreras was only five weeks away from turning 55.[1] The ALJ also recognized that "the age categories should not be mechanically applied." The record shows that the ALJ did not apply the age

---

[1] Given the evidence that the ALJ was aware of Barreras's correct age on the date last insured, the ALJ's misstatement that Barreras "was 54 years old, which is defined as a younger individual age 18–49, on the date last insured," was a harmless error. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008).

categories mechanically, but considered them as required by *Lockwood*. It is inconsequential to our analysis that the ALJ's decision was contrary to internal Social Security Administration policies listed in the Program Operations Manual System (POMS) or the Commissioner's Hearings, Appeals and Litigation Law Manual (HALLEX), which instructs the ALJ to consider "additional vocational adversities" when determining whether to use a higher age category, because neither manual "impose[s] judicially enforceable duties on either the ALJ or this court." *Id.* at 1072–73.

2.      The ALJ did not err by denying Barreras the opportunity to cross-examine the Medical Expert, Dr. Schmitter. Although a claimant is not entitled to unlimited cross-examination, due process requires the opportunity to cross-examine "a crucial witness whose findings substantially contradict the other medical testimony." *Solis v. Schweiker*, 719 F.2d 301, 301 (9th Cir. 1983). Dr. Schmitter's opinion did not contradict the other medical evidence. In fact, it was "consistent with the record as a whole." Indeed, Barreras's counsel confirmed at the hearing that she had the opportunity to review the record, which included Dr. Schmitter's opinion, yet did not seek to present any new evidence related to Barreras's impairments.

Nor did the ALJ err by failing to consider Dr. Schmitter's opinion properly. An ALJ is not required to discuss every piece of evidence presented, but must only "explain why 'significant probative evidence has been rejected.'" *Vincent v. Heckler*, 739 F.2d 1393, 1394–95 (9th Cir. 1984) (quoting *Cotter v. Harris*, 642 F.2d 700, 706 (3d Cir. 1981)). Dr. Schmitter's single comment that Barreras's need for a cane was "not documented, but may be indicated medically" was neither significant nor probative.

3. The ALJ did not err by rejecting Barreras's subjective symptom testimony. Absent a finding of malingering, an ALJ must give "'specific, clear and convincing reasons' in order to reject the claimant's testimony about the severity of the symptoms." *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (quoting *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009)). Here, the ALJ stated that Barreras's testimony about the intensity, persistence, and limiting effects of his symptoms were not "entirely consistent" with medical evidence in the record. "Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony." *Carmickle v. Comm'r, SSA*, 533 F.3d 1155, 1161 (9th Cir. 2008). The ALJ also explained that Barreras experienced pain relief with medication, received conservative treatment, and reported daily activities

4

inconsistent with the symptoms he described. These reasons are supported by substantial evidence in the record.

4. The ALJ did not err by classifying Barreras's residual functioning capacity as "light" instead of "sedentary." When a claimant falls between two exertional levels and the claimant's "exertional capacity . . . is only slightly reduced in terms of the regulatory criteria," it "could indicate a sufficient remaining occupational base to satisfy the minimal requirements for a finding of 'Not disabled.'" *Moore v. Apfel*, 216 F.3d 864, 870 (9th Cir. 2000) (quoting SSR 83-12). "In situations where the rules would direct different conclusions, and the individual's exertional limitations are somewhere 'in the middle' in terms of the regulatory criteria for exertional ranges of work, more difficult judgments are involved" and the expertise of a Vocational Expert is "advisable." *Id.* Even assuming that Barreras's ability to stand or walk up to four hours a day, as opposed to the six hours required for "light work," was more than a slight reduction in his capacity, the ALJ "did exactly what the caselaw and SSR 83-12 direct him to do—he consulted a VE" to determine the appropriate classification. *Id.*

**AFFIRMED.**

5