**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RICHARD WHITMAN, Jr.,

          Plaintiff-Appellant,

v.

ANDREW M. SAUL, Commissioner of
Social Security,

          Defendant-Appellee.

No.   17-17302

D.C. No. 2:16-cv-02481-SPL

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Submitted April 7, 2020 [**]

Before: TROTT, SILVERMAN and TALLMAN, Circuit Judges

     Richard Whitman, Jr., appeals the district court's order affirming the Social

Security Administration's denial of disability benefits. We have jurisdiction

pursuant to 28 U.S.C. § 1291. We review the district court order de novo and the

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

administrative decision for substantial evidence and legal error. *Garrison v. Colvin*, 759 F.3d 995, 1009-10 (9th Cir. 2014). We affirm.

Whitman argues that the nurse practitioner's sit/stand limitation should have been given deference and incorporated into the residual functional capacity assessment. But, the ALJ properly applied the law when she assessed the nurse practitioner's opinion and provided germane reasons supported by substantial evidence for giving little weight to the opinion. *Leon v. Berryhill*, 880 F.3d 1041, 1046 (9th Cir. 2017). The check-the-box opinion was inconsistent with treatment notes and failed to sufficiently explain why Whitman's back condition prevented him from indefinitely working even one full day. *Molina v. Astrue*, 674 F.3d 1104, 1111-12 (9th Cir. 2012). Because the ALJ "permissibly discounted" the nurse practitioner's opinion, she was not required to incorporate the sit/stand limitation into the residual functional capacity assessment. *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004).

The ALJ did not abuse her discretion by denying counsel's request to subpoena the doctors who opined that Whitman could perform light work with postural limitations. The light work opinions did not substantially contradict the other medical assessments or treatment records. *Solis v. Schweiker*, 719 F.2d 301, 301-02 (9th Cir. 1983). Rather, the opinions were well-supported by objective

2

findings that were consistent with treatment records and the record as a whole. The ALJ acted within her discretion when she found that the doctors' testimony was not reasonably necessary for the full presentation of the case.

The ALJ also provided specific, clear and convincing reasons supported by substantial evidence for finding that Whitman was not entirely credible. *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015) (setting forth the standard). Whitman's alleged limitations were inconsistent with his daily living activities, his statements to his treating providers, and medical records documenting improvement after treatment. *Garrison*, 759 F.3d at 1016; *Molina*, 674 F.3d at 1112-13; *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008).

The ALJ properly assessed Whitman's moderate social limitations by limiting him to work that required no public contact and only occasional contact with co-workers and supervisors. The mental health experts who reviewed treatment records and Dr. Geary's assessment translated the moderate social limitations into the same limitations adopted by the ALJ. *Shaibi v. Berryhill*, 883 F.3d 1102, 1106-07 (9th Cir. 2017); *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008).

The ALJ's step five findings are supported by substantial evidence because the ALJ incorporated the credible physical and mental limitations into the questions posed to the vocational expert. *Stubbs-Danielson*, 539 F.3d at 1175-76.

**AFFIRMED.**