**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 7 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



DAVID WALTERS,

Plaintiff-Appellant,

v.

KILOLO KIJAKAZI, Acting Commissioner
of Social Security,

Defendant-Appellee.

No.    20-35861

D.C. No. 2:19-cv-01938-MLP
Western District of Washington,
Seattle

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Michelle L. Peterson, Magistrate Judge, Presiding

Submitted March 8, 2022[**]
Portland, Oregon

Before:  GRABER, BEA, and VANDYKE, Circuit Judges.

Memorandum joined by Judge BEA and Judge VANDYKE;
Dissent by Judge GRABER

David Walters appeals the district court's denial of an application for

supplemental social security income and disability insurance benefits under Title

XVI of the Social Security Act.  "We review a district court's judgment upholding

---

[*]    This disposition is not appropriate for publication and is not precedent except
as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

the denial of social security benefits de novo" and "set aside a denial of benefits only if it is not supported by substantial evidence or is based on legal error." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (citations omitted). We have jurisdiction under 28 U.S.C. § 1291, and affirm.

To establish a disability for purposes of the Social Security Act, a claimant must prove that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which … has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). "In order to determine whether a claimant meets this definition, the ALJ employs a five-step sequential evaluation." *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012) (citations omitted), *superseded on other grounds by* 20 C.F.R. § 404.1502(a).

In this case, at step five[1] the ALJ found Walters was not disabled because he was capable of performing jobs in the national economy such as industrial cleaner, store laborer, warehouse checker, bench hand, dowel inspector, or bench assembler, each of which required either medium exertion, light exertion, or only sedentary work. On appeal, Walters disagrees with how the ALJ weighed the evidence, and argues that the ALJ erred by (1) finding that Walters's fibromyalgia impairment was not medically determinable for social security purposes, (2) discounting the medical

---

[1] At step two, the ALJ excluded a claimed fibromyalgia impairment because it was not a medically determinable impairment under Social Security Ruling 12-2p.

2

opinions of examining and non-examining physicians about his ability to work, (3) accepting a vocational expert's hearing testimony without requiring that supporting documents be provided to Walters, and (4) rejecting late evidence that Walters sought to submit after the hearing.

We cannot say the district court erred in affirming the ALJ. First, the ALJ reasonably found that Walters's fibromyalgia was not medically determinable under agency standards requiring that it be established by "objective medical evidence from an acceptable medical source." 20 C.F.R. § 416.921. "For a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990). Here, substantial evidence supports the ALJ's finding that Walters's fibromyalgia fails to satisfy the requirements set out in Social Security Ruling 12-2p. The ALJ correctly explained that no findings in the record met the criteria for a medically determinable fibromyalgia impairment because Walters did not provide objective medical evidence of his symptoms or their severity, and a "physician's diagnosis alone" cannot establish a medically determinable impairment for social security purposes. *See* Social Security Ruling 12-2p, 2012 WL 3104869, at *2–4 (Jul. 25, 2012).

Second, the ALJ provided "specific and legitimate reasons" to discount the medical opinion testimony of Drs. Irwin, Higgins, Widlan, and Pham. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004); *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001). The ALJ explained that Dr. Irwin's

medical opinion that Walters was limited to light work was not supported by objective medical evidence of an impairment limiting Walters's ability to perform exertional or postural tasks.[2]  She also explained that the medical opinions of Dr. Higgins and Dr. Widlan about Walters's depression and anxiety-related mental limitations were unreliable because each relied on self-reports from Walters—who was not candid with either doctor about the frequency and extent of his drug use— and conflicted with other medical records showing Walters did not report significant depression and had previously exhibited normal moods.[3]  Finally, she explained that Dr. Pham's opinion that Walters's impairments would last only six months was insufficient for a finding of disability, which requires at least a twelve-month duration.

In each circumstance, the ALJ provided sufficient reasons for discounting medical opinion testimony, and reasonably weighed the evidence to reach her conclusions.  *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) ("[An] ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported."); *see also Ford v. Saul*, 950 F.3d 1141, 1155 (9th Cir. 2020) ("An ALJ is *not* required to take medical

---

[2] Another doctor, Dr. Hander, provided an opinion that was nearly identical to Dr. Irwin's.  Any error in only specifically discounting Dr. Irwin's opinion, and not Dr. Hander's identical opinion, was harmless.

[3] In any event, the ALJ did find that Walters suffered from medically determinable bipolar disorder and anxiety disorder.

4

opinions at face value, but may take into account the quality of the explanation when determining how much weight to give a medical opinion.") (emphasis added).

Third, the ALJ did not err by denying Walters's request to subpoena supporting documents from the vocational expert. Because a qualified vocational expert's expertise itself is a sufficient foundation for that expert's oral testimony in a Social Security Administration hearing, it was unnecessary for the expert to provide documents to support his testimony, or for Walters to obtain them.[4] *Biestek v. Berryhill*, 139 S. Ct. 1148, 1157 (2019); *Ford*, 950 F.3d at 1158–59.

Fourth, the ALJ acted within her discretion to reject additional post-hearing evidence because the evidence was submitted fewer than five days before the hearing, so the ALJ was not required to admit it unless necessary or mandated by statute. 20 C.F.R. § 416.1435 ("Each party must make every effort to ensure that the administrative law judge receives all of the evidence … no later than 5 business days before the date of the scheduled hearing. If you do not comply with this requirement, the administrative law judge may decline to consider or obtain the evidence unless the circumstances described in paragraph (b) of this section apply."). Here, the ALJ had no duty to further develop the record on this issue because no statutory mandate applied and "[t]he record before the ALJ was neither ambiguous nor inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*,

---

[4] Nor did the ALJ err when she asked Walters's counsel to stop asking the expert repeat questions that he had already answered during cross examination. *See Solis v Schweiker*, 719 F.2d 301, 302 (9th Cir. 1983).

276 F.3d 453, 460 (9th Cir. 2001).[5]

For the reasons explained herein, we determine that the ALJ's decision is free from harmful error and supported by substantial evidence.[6]

**AFFIRMED**.

---

[5] The dissent characterizes the ALJ as having "suspected" and "acknowledge[ed]" that the record was "incomplete or inadequate" without the additional evidence that Walters attempted to file late. There is no support in the ALJ's opinion for this characterization. Given the other reasons identified by the ALJ for finding testimony unreliable, the ALJ's mere knowledge of unadmitted mental health records alone did not make the record ambiguous or inadequate to allow for the proper evaluation of the evidence properly in the record.

[6] On August 20, 2021, Walters filed a motion seeking to add post-hearing evidence to the excerpts of record in this appeal. ECF 28. As explained above, the documents were originally excluded by the ALJ because they were filed late and not subject to any exception. Because the documents are unnecessary to decide this appeal, we **DENY** the motion.

Walters v. Kijakazi, No.: 20-35861

GRABER, Circuit Judge, dissenting:

I respectfully dissent. The pivotal issue is whether Plaintiff's impairments of bipolar disorder and anxiety disorder, which the ALJ found were severe, rendered Plaintiff disabled. The ALJ's reasons for discounting the extent of Plaintiff's disability were: the record "does not contain properly submitted evidence of mental health treatment since the alleged onset date," and Plaintiff "did not receive the extent of treatment one would expect for a totally disabled individual." The ALJ's acknowledgment of an incomplete or inadequate record is not surprising; Dr. Forsyth's report concluded expressly that "[a]dditional evidence is required to establish current severity of the individual's [mental health] impairment(s)." (Emphasis added). Because the record was incomplete or inadequate—which the ALJ suspected contemporaneously and knew for sure when presented with the fact that Plaintiff had been treated at a mental health facility for most of the year preceding the hearing—the ALJ had a duty to develop the record further by permitting supplementation of the record after the hearing concluded. Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001). That duty "is especially important" when the claimant has a mental impairment. DeLorme v. Sullivan, 924 F.2d 841, 849 (9th Cir. 1991). I would remand to the district court with instructions to remand the matter to the ALJ to develop the record. See id. (following that procedure).